UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH J. ZAJAC, III, ,

                      Petitioner

-vs-                                                             Case No. 2:11-cv-469-FtM-29SPC

UNITED STATES OF AMERICA,

                      Respondent.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Petitioner, Joseph J. Zajac III's Motion to Grant Leave to Add Summons to Complaint (Doc. #19) filed on November 15, 2011. The Respondent, the United States of America, filed its Response in Opposition (Doc. # 21) on November 29, 2011. The Motion is now ripe for review.

## FACTS

      Internal Revenue Service (IRS) Revenue Agent John Clark, states that he is conducting an investigation to determine petitioner's federal income tax liability for the 2007, 2008, and 2009 tax years. In furtherance of the investigation, Clark issued two administrative summonses to Bank of America in Fort Lauderdale, Florida, an administrative summons to RBS Card Services in Bridgeport, Connecticut, and an administrative summons to Charles Schwab & Co. in San Francisco, California for records and information on February 3, 2011. The Petitioner timely petitioned this Court to quash those summonses.

Subsequent to the filing of the Petitioner's petition to quash, the IRS (Clark) served an administrative summons on FIA Card Services on February 25, 2011 and on Bank of America on November 1, 2011. The Petitioner now seeks leave to amend his Petition to Quash (Doc. # 1) to include those two (2) summonses.

## DISCUSSION

Under rule 15(a), a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or if the pleading is one which a responsive pleading is required twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f) whichever, is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); National Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on

the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

As grounds for Leave to Amend, the Petitioner asserts that he never received notice or a copy of the FIA summons, and that both summonses state the "United States no longer seeks enforcement of the summonses" across the bottom. Therefore, the Plaintiff states there is no reason for the summonses to be served if the Respondent has no intention of enforcing them. The Respondent states that it mailed the FIA summons to the Petitioner at the last known address and therefore he had proper notice and that the second summons served upon the Bank of America in Utica, New York is futile.

### *(1) The FIA Summons*

The Respondent argues that the Motion to add and quash the FIA summons is untimely filed and therefore, due to be denied. The Petitioner states that he was never sent notice nor a copy of the FIA summons. A proceeding to quash must be commenced within twenty (20) days after notice is "given," and notice under § 7609 is given on the date it is mailed. Callahan v. Schultz, 783 F.2d at 1545 (citing Stringer v. U.S., 776 F.2d 274, 275–76 (11th Cir. 1985)). Special service of process requirements are specifically set forth:

> If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

26 U.S.C. § 7609(b)(2)(B).

In this instance, the Respondent states that it mailed the notice and summons to the Petitioner on February 25, 2011, at 10:25am. by certified registered mail and that the Petitioner accepted receipt

of the summons. (Doc. # 21, Supplemental Clark Decl., ¶ 5). The Respondent states that the address where the notice was sent was the Petitioner's last known address. The Respondent attached a copy of Revenue Agent Clark's certification indicating when notice was given and a copy of the certified mail receipt showing the date and address where the notice was sent. (Doc. # 21, Ex. 2). The address on the certified mail receipt is the same as the address on the Petitioner's Petition to Quash Summons. The return receipt is signed by what appears to be the Petitioner's signature. (Doc. # 21, Ex. 2).

Based upon the notice requirements in the statute, the Petitioner was given adequate notice of the summons that was served on FIA on February 25, 2011. The Petitioner failed to file a Petition to Quash within twenty (20) days of receiving that notice. Instead, the Petitioner has waited until now to move the Court to quash the FIA summons. Therefore, the Court respectfully recommends that the Motion to Add the FIA summons is untimely filed and should be denied.

### *(2) The Bank of America Summons*

The Petitioner argues that the Respondent does not intend to actually enforce the summonses issued on FIA or Bank of America because the summonses state the Respondent does not intend to enforce the summonses. The Petitioner also argues that the summons is merely a fishing expedition issued by the Respondent to harass him. The Respondent states that it does intend to enforce the summons issued on Bank of America if the bank does not produce the requested records and that the statement does not invalidate the summons. The Respondent continued that Revenue Agent Clark is conducting an investigation to determine the Petitioner's tax liabilities for the tax years for 2007, 2008, and 2009, and that it complied with all laws and regulations necessary to issue a

summons. Thus, the Respondent claims the Motion for Leave to add the Bank of America summons is futile.

The Respondents arguments are more suited for Motion to Dismiss or Summary Judgment. The Petitioner filed his Motion to Add the Bank of America Summons in a timely manner and therefore, it is respectfully recommended that the Plaintiff be allowed leave to add the Bank of America Summons to his Motion to Quash.

Accordingly, it is now

**RECOMMENDED:**

The Petitioner, Joseph J. Zajac III's Motion to Grant Leave to Add Summons to Complaint (Doc. #19) should be **GRANTED in part and DENIED in part**.

(1) The Petition for Leave to Add the FIA Card Services Summons should be **DENIED**.

(2) The Petition for Leave to Add the Bank of America Summons should be **GRANTED**.

(3) Time frame for an Amended Motion to Quash is reserved for the discretion of the District Court should it choose to follow this Court's recommendations.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___1st___ day of December, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record