UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH J. ZAJAC, III,

                    Petitioner,

vs.                                    Case No.  2:11-cv-469-FtM-29SPC

UNITED STATES OF AMERICA,

                    Respondent.
_____

### OPINION AND ORDER

This matter comes before the Court on petitioner's Amended Motion for Relief (Doc. #45) filed on September 20, 2012.  The government filed a Memorandum in Opposition (Doc. #47), and petitioner filed a Response to Respondent's Memorandum in Opposition (Reply) (Doc. #52).  Also before the Court is petitioner's Motion for Hearing (Doc. #48) and the government's Memorandum in Opposition (Doc. #51).  The Court finds that a hearing is not warranted, and therefore that motion will be denied.

**I.**

On September 21, 2011, the Court issued an Opinion and Order (Doc. #10-1) dismissing Joseph J. Zajac, III's Petition to Quash Third Party Summonses for lack of personal jurisdiction based upon improper service of process, and also dismissed the government's Counter-Petition to Enforce Summons for the same basis.  Petitioner executed service of process on the government, and the United States filed a Response in Opposition to Petition to Quash Third

Party Summonses (Doc. #18) incorporating its prior arguments and stating that it was no longer seeking enforcement of the summonses. On January 3, 2012, the Court denied the Petition to Quash Third Party Summonses as moot and directed the Clerk to enter judgment dismissing the Petition as moot. (Doc. #24.) Judgment (Doc. #25) was issued the next day.

On January 26, 2012, upon consideration of petitioner's Motion for Clarification and Reconsideration of Court Order Dated January 3, 2012 (Doc. #26), the Court issued an Order to Show Cause (Doc. #29) stating that [n]o decision was rendered on the merits because the United States stated it did not seek enforcement of the summonses", and directing the government and Revenue Agent John Clark to appear before the undersigned to show cause why they should not be held in contempt for telling the Court the government did not seek enforcement of the summonses and then seeking to enforce the summonses. (Doc. #26, p. 3.) After the hearing, the Court issued an Order (Doc. #34) rescinding the Order to Show Cause after concluding that no contemptuous conduct was intended, and granting clarification "that there should be no compliance with the summonses at issue in this case by the third parties." (Doc. #34, p. 2.) Petitioner was permitted to file a motion if he believed he was entitled to further relief.

**II.**

Petitioner seeks to recover fees and costs for having to file a Petition to Quash Third Party Summonses and the ensuing litigation that occurred.   Petitioner also seeks to waive the statute of limitations extension for auditing petitioner's 2007, 2008, and 2009 tax returns, for a protective order against the Internal Revenue Service (IRS), and $500,000 for the violation of his privacy.   The government argues that petitioner was not a prevailing party and failed to exhaust his administrative remedies under 26 U.S.C. § 7430, therefore he is not entitled to fees and costs, and that he is not otherwise entitled to fees as a *pro se* litigant.   The government also argues that petitioner is not entitled to the other relief sought.

**A.   Fees and Costs**

In any court proceeding brought against the United States "the prevailing party may be awarded a judgment or a settlement for" "reasonable litigation costs incurred in connection with such court proceeding."  26 U.S.C. § 7430(a)(2).  Reasonable litigation costs will not be awarded unless the "prevailing party"[1] has exhausted administrative remedies within the IRS.  26 U.S.C. § 7430(b)(1).

---

[1]A "prevailing party" is one who "substantially prevailed" with respect to the most significant issue or set of issues, unless "the United States establishes that the position of the United States in the proceeding was substantially justified," and whose net worth does not exceed $2 million.  26 U.S.C. § 7430(c)(4)(A), (B); 28 U.S.C. § 2412(d)(2)(B).  That petitioner's net worth does not exceed $2 million is undisputed.

"Reasonable litigation costs" include reasonable courts costs and reasonable fees "paid or incurred for the services of attorneys in connection with the court proceeding."  26 U.S.C. § 7430(c)(1). Petitioner is not himself an attorney, and the fees sought were not otherwise paid to or "incurred" by an attorney in connection with court proceedings.  United States v. McPherson, 840 F.2d 244, 245 (4th Cir. 1988); McCormack v. United States, 891 F.2d 24, 25 (1st Cir. 1989); Corrigan v. United States, 27 F.3d 436, 438 (9th Cir. 1994); Vaksman v. Comm'r of Internal Revenue, 54 F. App'x 592, *3 (5th Cir. 2002); United States DOJ v. Hudson, 626 F.3d 36, 38 (2d Cir. 2010).  Therefore, petitioner is not entitled to attorney's fees and the only issue is whether he would be entitled to reasonable court costs.

To receive the reasonable court costs, petitioner must first exhaust all remedies, then prove that he is a "prevailing party", and third, show that his costs were reasonable.  Cooper v. United States, 60 F.3d 1529, 1530-31 (11th Cir. 1995).  Reasonable litigation costs will not be awarded "unless the court determines that the prevailing party has exhausted the administrative remedies available to the party within the Internal Revenue Service."  26 C.F.R. § 301.7430-1(a).  A party has not exhausted his administrative remedies,

> unless, prior to filing an action in a court of the United States (including the Tax Court and the Court of Federal Claims)--

(i) The party submits to the district director
of the district having jurisdiction over the
dispute a written claim for relief reciting
facts and circumstances sufficient to show the
nature of the relief requested and that the
party is entitled to such relief; and

(ii) The district director has denied the
claim for relief in writing or failed to act
on the claim within a reasonable period after
such claim is received by the district
director.

26 C.F.R. § 301.7430-1(d)(1).   Petitioner admits that he did not

contact the district director because the local IRS office would

not disclose the name or information for compliance, and the IRS

Form 2039 did not state it was a course of procedure.   These are

not recognized exceptions to the requirement, 26 C.F.R. § 301.7430-

1(f), therefore petitioner did not exhaust and is not entitled to

reasonable costs.   See, e.g., 26 C.F.R. § 301.7430-1(g), Example 6

("On January 2, the Internal Revenue Service serves a summons

issued under section 7609 on third-party recordkeeper D to produce

records of taxpayer E. On January 5, notice of the summons is given

to E. The last day on which E may file a petition in a court of the

United States to quash the summons is January 25. Thereafter, E

files a written claim for relief with the district director having

jurisdiction over the matter together with a copy of the summons.

The claim and copy are received by the district director on January

20. On January 25, E files a petition to quash the summons. E has

exhausted the administrative remedies available within the Internal

Revenue Service.")

## B.  Statute of Limitations

Petitioner seeks to have waived the statute of limitations automatic extension under 26 U.S.C. § 7609(e) as to petitioner's 2007, 2008, and 2009 tax returns because the summonses were frivolous and in bad faith.  Under Section 7609(e), if an individual moves to quash a summons, then the running of any period of limitation with respect to assessment and collection of taxes is suspended while the enforcement of the summons action is pending. Petitioner does not articulate any legal basis for the Court's ability to waive or suspend the application of Section 7609(e), and the Court declines to do so in this case.

## C.  Protective Order

Petitioner seeks a protective order against Revenue Agent Clark and the Internal Revenue Service (IRS) from further pursuing action against them.  Petitioner's basis is primarily the conduct of Revenue Agent Clark with regard to summonses that the IRS declined to enforce in this case.  Even if the Court had such authority, it declines to impose a blanket protective order preventing the IRS from issuing further summonses or continuing with its investigations.  While the IRS concedes that Revenue Agent Clark improperly reviewed documents while the motion to quash was still pending and then returned them to the third-party, Doc. #47, p. 2, however a protective order against the re-issuance of summonses is not the appropriate remedy.  Petitioner clearly is not

-6-

precluded from seeking any and all relief from new summonses issued by the IRS, including through petitioner's Petition to Quash the new summonses, Case No. 2:12-cv-230-FTM-29SPC. The request will be denied.

**D.  Damages**

Petitioner also seeks $500,000 for the violation of his privacy by Revenue Agent Clark. Petitioner does not articulate a statutory basis for such a claim, and the IRS has not waived its sovereign immunity for damages outside the scope of the statutory relief permitted under Section 7430. Therefore, the request will be denied. Although petitioner may wish to assert a claim or civil action against Revenue Agent Clark for damages, this case is not the proper avenue for such relief.

Accordingly, it is now

**ORDERED**:

1.  Petitioner's Amended Motion for Relief (Doc. #45) is **DENIED**.

2.  Petitioner's Motion for Hearing (Doc. #48) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of February, 2013.

JOHN E. STEELE
United States District Judge

Copies: Parties of record

-7-